UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DOUGLAS WARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-351-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

This matter is before the court for consideration of Douglas Ward's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1]  Pursuant to local practice, the matter was referred to United States Magistrate Judge J.B. Johnson, Jr., for the preparation of a Report and Recommendation ("R&R") in accordance with 28 U.S.C. §636(b)(1)(B). Following review, Magistrate Judge Johnson recommended that Helton's petition be denied, that the action be dismissed, and that a certificate of appealability be denied. [Record No. 2] Ward moved the Court for an extension of time to file objections to the R&R. [Record No. 5][1]  The Court granted this motion and extended the time for filing objections to September 21, 2006. [Record No. 6] The time requested by the Petitioner has now expired; however, he has failed to

---

[1]      Ward also moved the Court for leave to proceed in forma pauperis. [Record No. 3] However, on the same date, he also paid the $5.00 filing fee for § 2254 Petitions.  Therefore, this motion will be denied as moot.

-1-

file timely objections.  Therefore, the Court will proceed to review the merits of his petition and the R&R submitted by the Magistrate Judge.

Having reviewed this matter, the Court concludes that the Magistrate Judge's recommendations should be adopted in full.  Accordingly, the relief requested by Ward will be denied.

I.        BACKGROUND

The Petitioner was convicted in the Clay Circuit Court of conspiracy to commit first-degree robbery, first-degree robbery, and capital murder.  This conviction occurred on or about May18, 1983.  On direct appeal, the Kentucky Supreme Court found certain errors had occurred at trial.  As a result, the court affirmed the conviction for the robbery charges, but reversed Ward's conviction for murder and remanded this charge for a new trial.  *Ward v. Commonwealth*, Ky., 695 S.W.2d 404, 408 (1985).  Upon remand Ward chose to enter a plea to a lesser charge.  On June 4, 1987, he entered a plea to wanton murder.  He chose not to appeal his plea to this charge or the sentence received.

After approximately seven years, however, Ward filed a motion pursuant to Kentucky Rule of Criminal Procedure 11.42 in the Clay Circuit Court.  In addition, he filed a state petition for a writ of habeas corpus in the Lee Circuit Court.  This latter petition was dismissed on April 6, 2005.  Although Ward sought to appeal this dismissal to the Kentucky Supreme Court, it is unclear whether that court has addressed the matter as of this date.

## II.    TIME LIMITATION APPLICABLE TO THE PRESENT PETITION

A one-year period of limitations applies to the petition pursuant to the provisions of the

AEDPA.  Further, Rule 4 of the Rules Governing petitions filed pursuant to 28 U.S.C. § 2254

provides in relevant part that:

> The petition shall be examined promptly by the judge to whom it is assigned.  If
> it plainly appears from the face of the petition and any exhibits annexed to it that
> the petitioner is not entitled to relief in the district court, the judge shall make an
> order for its summary dismissal. . . .  Otherwise, the judge shall order the
> respondent to file an answer or other pleading.

As the Magistrate Judge correctly noted, this rule authorizes *sua sponte* dismissal of a time-

barred petition.  *Scott v. Collins*, 286 F.3d 923, 928 (6th Cir. 2002).

## III.    ANALYSIS

Direct review of Ward's conviction concluded when the time to appeal expired thirty

days after his guilty plea in 1987.  Approximately seven years passed before he filed a state

motion pursuant to R Cr. 11.42 on June 23, 2004.  Although the AEDPA's one year period of

limitations is tolled during the time that "a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending [in

accordance with 28 U.S.C. § 2244(d)(2)]" the relevant one year period applicable here had

already expired by the time Ward filed his motion in state court in June 2004.  Further, the state

court motion would merely toll the federal limitations period – it would not restart it.  *Peyton v.

Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 1081 (2002).

As the Magistrate Judge correctly concluded, Ward has not offered any plausible basis for the application of equitable tolling and none is apparent from the record. [Record No. 2, p. 4-5]   Therefore, Ward's claims are barred by the one-year period contained in the AEDPA.

### B.       Evidentiary Hearing

The Magistrate Judge correctly determined that no evidentiary hearing was required in this case.   The allegations in the Petitioner's § 2254 motion raise a legal issue that may be adequately addressed from the record.   Again, the record conclusively establishes that the Petitioner's claim is time-barred and he is not entitled to the relief requested.

### C.       Certificate of Appealability

A certificate of appealability may be issued only if the petitioner has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(3).   Further, the petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Further, when the district court denies a habeas petition on procedural grounds, a certificate of appealability is appropriate if the petitioner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the fact that the petition is time-barred cannot be reasonably debated.   Further, under *Slack*, jurist of reason could not find that Ward's allegations state a debatably valid

constitutional claim.  His self-serving claims are not supported by the record of this proceeding.

Accordingly, he has failed to meet either prong of *Slack v. McDaniel*, *id.*

## IV.    CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.     The Report and Recommendation of the United States Magistrate Judge [Record No. 2] is **ADOPTED** and **INCORPORATED** herein by reference.

2.     The Petitioner's motion to proceed in forma pauperis [Record No. 3] is **DENIED,** as moot.

3.     The Petitioner's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

4.     A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right and he has not shown that jurists of reason would find it debatable whether the court was correct in applying the AEDPA's one-year statute of limitations in this action.

5.     The Petitioner having failed to file objections to the Magistrate Judge's Report and Recommendation within the time provided by the Court, any such late-tendered or filed objections are deemed waived.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).

This 22nd day of September, 2006.



Signed By:

*Danny C. Reeves* DCR

United States District Judge