UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DOUGLAS WARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-351-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN MOTLEY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for consideration of the Petitioner Douglas Ward's *pro se* "Motion for a New Trial Pursuant to Fed .R. Civ. P. 59(a)." [Record No. 11] Having reviewed the Petitioner's motion, it appears that he is requesting that this Court consider his objections to the Magistrate Judge's Report and Recommendation, amend the September 25, 2006 judgment, and grant a new trial. The Court will construe the pending motion as a request to alter, amend or vacate the September 25, 2006, judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

The Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 11, 2006. Pursuant to local practice, the matter was referred to the United States Magistrate Judge for the preparation of a Report and Recommendation. The Magistrate Judge concluded that the Petitioner's petition be denied, that the action be dismissed, and that a certificate of appealability be denied. [Record No. 2] The Magistrate Judge indicated that the parties would have until August 29, 2006, to file objections to the Report and Recommendation.

Subsequently, the Petitioner requested an extension of time to file objections. [Record No. 5] The Court granted this motion and extended the time for filing to September 21, 2006. [Record No. 6]

On September 25, 2006, the Court entered a Memorandum Opinion and Order, addressing the Report and Recommendation issued by the Magistrate Judge as well as the merits of the Petitioner's habeas petition. In that Memorandum Opinion, the Court noted that the time for filing objections had expired and that the Petitioner "failed to file timely objections." [Record No. 8] Based on the review of the merits of the petition, the Court entered judgment in favor of the Respondent and dismissed the Petitioner's claims with prejudice.

In the instant motion, the Petitioner claims that the Court erred in its September 25, 2006, Memorandum Opinion in finding that he had failed to timely file objections to the Magistrate Judge's Report and Recommendation. The Petitioner argues that the Court should set aside the judgment entered on September 25, 2006, and grant a new trial. In support of this argument, he has attached to the motion a prison mail log record. Although the Court cannot ascertain from the mail log what was submitted for mailing, it is apparent that the Petitioner mailed something to the "U.S. District Court" on September 20, 2006. The Petitioner alleges that he mailed his objections on that date. The Court will accept the Petitioner's assertions as true and conclude that he mailed his objections to the "U.S. District Court" on September 20, 2006. The record reflects that the clerk's office received the Petitioner's objections on September 25, 2006, and those objections were filed on that date.

Although the Petitioner requests that the Court amend the judgment and grant him a new trial, he primarily complains that the Court failed to consider his objections which he claims were timely filed under the principle first announced in *Houston v . Lack*, 487 U.S. 266 (1988). In *Houston*, the Supreme court held that a prisoner's notice of appeal will be deemed timely filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal. The Court was concerned that a prisoner might suffer undue prejudice owing to his status and lack of freedom to take the same precautions available to non-incarcerated litigants. This circuit has extended the rule of *Houston* to objections to magistrate reports. *See Walker v. City of Lakewood*, 35 F.3d 567 (6th Cir. 1994); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). Inasmuch as it appears that the Petitioner's objections were delivered to prison mail room personnel in a proper manner before the September 21, 2006 deadline, the Court has considered the Petitioner's objections on the merits as though they were timely filed in the record. However, after an independent and *de novo* review of the record, the Court concludes that the Petitioner's objections lack merit.

In his objections, the Petitioner again argues that the Magistrate Judge erred in *sua sponte* dismissing his petition as time-barred. However, the Sixth Circuit has plainly stated that Rule 4 of the Rules Governing petitions filed pursuant to 28 U.S.C. § 2254 authorizes a court to *sua sponte* dismiss a petition that is barred by the statute of limitations. *See Scott v. Collins*, 286 F.3d 923, 928 (6th Cir. 2002).

The record reflects that, direct review of the Petitioner's conviction concluded in 1987 and that approximately seven year passed before he filed his 11.42 motion in state court. While AEDPA's one-year statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending, the one-year period had expired by the time the Petitioner filed his motion in state court on June 23, 2004. In addition, the Petitioner has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. Therefore, the record reflects that the Petitioner's claims are barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d).

The Petitioner has also objected to the Magistrate Judge's conclusion that no evidentiary hearing was required in this case. Because the record establishes that the Petitioner's claims are time-barred, an evidentiary hearing is unnecessary to resolve the Petitioner's habeas claims.

Finally, the Petitioner's objection to the Magistrate Judge's recommendation that no certificate of appealability should be issued is without merit. A certificate of appealability may be issued if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (noting that a certificate of appealability is appropriate if the petitioner demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.") This Court is satisfied that no jurists of reason could find its procedural ruling regarding the expiration of the one-year period to be debatable. Thus, no certificate of appealability is warranted in this case.

Because the Petitioner's objections lack merit, the Court will deny the motion to alter, amend, or vacate, and the memorandum opinion and order and judgment will remain in effect.

Accordingly, it is hereby **ORDERED** that the Petitioner's "Motion for a New Trial Pursuant to Fed. R. Civ. P. 59(a)" construed as Motion to Alter, Amend or Vacate pursuant to Rule 59 of the Federal Rules of Civil Procedure [Record No. 11] is **DENIED**.

This 22nd day of November, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge